UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Thaddeus Soboleski and
Susan Soboleski,

        Debtors.

_____/

Case No. 10-46291
Chapter 13
Hon. Walter Shapero

## OPINION DENYING DEBTOR'S OBJECTION TO CLAIM OF GREEN TREE SERVICING, LLC

The matter before the Court is Debtor's Objection to Claim Number 1 by Claimant Green Tree Servicing, LLC (Docket No. 48).

### I.    BACKGROUND

Thaddeus and Susan Soboleski ("Debtors") filed their Chapter 13 bankruptcy petition on March 1, 2010. On their Schedule D, they listed Green Tree Servicing, LLC ("Green Tree") as the holder of a secured home equity loan and mortgage on their home. The contemporaneously filed Chapter 13 plan stated that an adversary proceeding to strip that lien had been filed. Paragraph II. A. of the proposed plan stated that Green Tree would "be treated as an unsecured creditor upon entry of a judgment in favor of debtors in the pending adversary proceeding." The complaint in the adversary proceeding, Adv. Pro. No. 10-4755, filed on March 3, 2010, named Quicken Loans, Inc., Green Tree, and Mortgage Electronic Registration Systems, Inc. as defendants. Paragraph 6 of the complaint referred to this mortgage as one "held by Quicken Loans, Inc.; and serviced by Green Tree Servicing, LLC as successor/assignee to mortgagee, Mortgage Electronic Registration Systems, INC. (MERS)" Paragraph 9 of the complaint alleged that Debtors were entitled to avoid that second mortgage and Paragraph 10 asserted that the claim secured by that mortgage "should be treated as an unsecured claim and paid as a Class 8 creditor pursuant to Debtors' Chapter 13 Plan of reorganization." On March 5, 2010, Green Tree filed a secured proof of claim with reference to this mortgage, naming as the entity to which the claim is owed as "Green Tree Servicing, LLC as servicer for Irwin Home Equity Loan Trust

1

2006-P1, as owner and holder of loan/contract originated by Irwin Union Bank and Trust Co." Attached to this proof of claim is the recorded mortgage showing MERS as the mortgagee, as nominee for Quicken Loans, the lender, and an accompanying note payable to Quicken Loans. On April 12, 2010, an order was entered in the adversary proceeding granting Debtors a default judgment against the noted defendants, stripping the lien on the conditions stated therein (Docket No. 6). On May 21, 2010, an Order Confirming Debtors' Chapter 13 Plan was entered (Docket No. 33). That Order included a reference to the lien strip proceeding judgment and also stated: "All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 U.S.C. § 502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan." As of that date, no objection had been filed to the Green Tree claim. Soon thereafter, the Chapter 13 Trustee began making payments on that claim (as an unsecured claim) in accordance with the provisions of the plan. The claims bar date in this case was July 6, 2010. On February 14, 2011, Debtors filed an objection to the Green Tree claim, asserting that Green Tree was not the proper holder of the claim as of the dates of the filing of the case or the proof of claim, and therefore, the claim should be disallowed. Evidentiary hearings were held and this is the Court's decision.

## II. DISCUSSION

The evidence shows that: (a) as noted, the original note was payable to Quicken Loans, the lender, and the mortgagee was MERS, as nominee for Quicken Loans; (b) soon after the execution of the note and mortgage, Debtors commenced making payments on the mortgage under same starting in 2005; (c) at some date, which is not quite clear, but was likely in 2009, the note was endorsed and made payable by Quicken Loans to Irwin Union Bank and Trust Co. ("Irwin"); (d) soon thereafter, Irwin was apparently taken over by the FDIC sometime in the later part of 2009; and (e) Green Tree acquired this loan from MERS as nominee for Irwin, likely in the middle of 2009, after which Debtors made payments to Green Tree up to approximately the time the bankruptcy case was filed. There is also in evidence an unrecorded assignment of the mortgage from MERS, as nominee for Irwin, to Green Tree, dated February 16, 2011.

Given the foregoing facts, there might be a legitimate question as to whether, absent other facts, Green Tree was, as of the commencement of the bankruptcy or the filing of its claim, both the holder of the mortgage and the holder of the note or its servicer. However, the other facts in

this case require denial of the Debtors' Objection. Here, the proof of claim was filed prior to confirmation and the plan specifically says as to such that, if no objections were filed by confirmation (and in this case the objection was not filed until more than eight months thereafter), such claims are deemed allowed and the trustee is directed to commence payment thereon. Most importantly, it is hornbook law that the provisions of the Chapter 13 plan control, and thus, while that alone requires denial of the objection, there are the other facts reinforcing that result, i.e.: the lien strip action, the commencement and continuation of payments under the plan for some eight months, and the payments to Green Tree during the 2009-2010 period prior to the bankruptcy filing. All of those facts essentially operate to additionally estop Debtor's from now contesting the claim on the asserted grounds. While Debtors argue that the plan was confirmed prior to the proof of claim filing deadline and there is really no statute or rule stating a limit as to when a claim objection may be filed (and such is true), here we have an actually pre-confirmation filed claim and no pre-confirmation objection thereto and a specific plan provision that specifically deals with this exact situation. Thus, the objection must be denied.

### III. CONCLUSION

Accordingly, it is not necessary that the Court decide whether or not Green Tree was in fact and in law the owner and/or servicer of the note and owner of the mortgage at whatever is the critical time. An order is being entered concurrently.
.

**Signed on July 27, 2011**
                     **/s/ Walter Shapero**
         **Walter Shapero**
         **United States Bankruptcy Judge**